# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LLOYD HOPKINS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN and DANE COUNTY,<br><br>　　　　　　　　　Defendants. | Case No. 23-CV-1452-JPS<br><br>**ORDER** |

　　　　On October 31, 2023, Plaintiff Lloyd Hopkins ("Plaintiff"), proceeding pro se, filed this action, purporting to allege violations of federal law against Defendants the State of Wisconsin (the "State") and Dane County[1] ("Dane County"). ECF No. 1.[2]

　　　　Plaintiff paid the filing fee for this action. *Id.*; *see also supra* note 2. While the Court typically reserves the exercise of screening a complaint for those situations where the litigant proceeds without prepayment of the filing fee, the Court may nevertheless choose to screen a complaint for

---

　　　　[1]Defendant Dane County is located in the Western District of Wisconsin. As explained below, many of Plaintiff's allegations involve Dane County or relate to his ongoing state court appeal, which was litigated at the trial court level in Dane County. However, Plaintiff also alleges malfeasance occurring in Kenosha County, Racine County, and Milwaukee County, which are within this District. Thus, venue is proper *at this juncture* (*see infra* Section 4.2) in either the Western District or this District. *See* 28 U.S.C. § 1391 (federal venue appropriate either in judicial district where any defendant resides or a district where substantial part of events or omissions giving rise to the claim occurred).

　　　　[2]Plaintiff also filed a motion to proceed without prepayment of the filing fee, ECF No. 2, but simultaneously *did* pay the filing fee, ECF No. 1. The Court therefore denies Plaintiff's motion to proceed without prepayment of the filing fee as moot, particularly given that Plaintiff has paid the fee for many (if not all) of the prior frivolous actions he has filed in both federal and state court, which are discussed further below. *See, e.g.*, ECF No. 1-1 at 7.

which the filing fee has been paid where such complaint presents obvious issues with pleading and/or frivolity. The Court will do so in this case.

**1.      SCREENING STANDARDS**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status." (citing 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997)). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

## 2. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff's factual allegations are sparse. They are precisely what the Seventh Circuit warned of when it described the task of reviewing pleadings as "try[ing] to fish a gold coin from a bucket of mud." *Lockheed-Martin Corp.*, 328 F.3d at 378. Plaintiff's complaint is best described as a rambling recitation of, by and large, fantastical grievances.

Plaintiff purports to bring federal claims against the State "for 46 counts of treason and attempt of murder [and] 107 forbes." ECF No. 1 at 2. He alleges that Kenosha County, Racine County, and Milwaukee County, none of which is named as a defendant, "stole [his] injunction," "stole [his] medical [and] house," and "[stole] [his] car," respectively. *Id.* He claims that Dane County "stole Milwaukee claim due diligence report says forbes,

Judge say's that he is prejudice!" *Id.* at 3. He charges the "Fed[s]" with, among other things, "try[ing] to intrude [on] his case" by "saying []right this way Lloyd," stealing $402.00, and "running plates." *Id.* He claims the "DOJ" "ask[ed] for paper work," he "gave it to them and they never answered back!" *Id.* Finally, he claims that the Wisconsin Court of Appeals "stole postconviction [and] postdisposition relief twice 2X . . . paper work states it must be heard in court . . . never told state I paid [$]195.00 30 days ago . . . " *Id.*; *see also* ECF No. 1-1 at 8 (noting efforts to pay $195.00 filing fee for, ostensibly, ongoing state appeal described below). As relief, Plaintiff requests "a name change, a vest, gun tag, gun, medical, house, property, [o]r arbitration awarded." ECF No. 1 at 4.

3. **PLAINTIFF'S LITIGIOUS HISTORY**

Plaintiff has amassed an impressive record of litigation in both state and federal court. Plaintiff has forty-six closed state court cases in Wisconsin, at least thirty-five of which he initiated as the plaintiff. *See* Wisconsin Circuit Court Access Case Search, *available at* https://wcca.wicourts.gov/case.html (last visited Nov. 2, 2023)[3]; *see also* ECF No. 1-1 at 9–10. Plaintiff brought his state court cases against a range of defendants, including Kenosha County, the State of Wisconsin, the United States of America, the Social Security Administration, and the Supreme Court of the United States. *Id.* Plaintiff has one open state court appeal against the State of Wisconsin and Dane County, captioned *Hopkins v. State*, No. 2023AP001659 (Wis. Ct. App. Dist. 4).[4]

---

[3]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court does so here to provide additional context for the very sparse allegations in Plaintiff's complaint.

[4]*Available at* https://wscca.wicourts.gov/caseDetails.do?caseNo=2023AP001659&cacheId=AB0

In this District, Plaintiff has ten closed cases. Nine of them were removed from state court and therefore overlap with the forty-six closed state court cases. *See Hopkins v. Social Security Administration*, No. 21-CV-884-WCG (E.D. Wis. July 28, 2021); *Hopkins v. United States Postal Service*, No. 22-CV-363-SCD (E.D. Wis. Mar. 23, 2022); *Hopkins v. United States Postal Service*, No. 22-CV-850-NJ (E.D. Wis. July 26, 2022); *Hopkins v. United States of America*, No. 22-CV-971-BHL (E.D. Wis. Aug. 24, 2022); *Hopkins v. United States of America*, No. 22-CV-972-BHL (E.D. Wis. Aug. 24, 2022); *Hopkins v. Social Security Administration*, No. 22-CV-1429-BHL (E.D. Wis. Nov. 30, 2022); *Hopkins v. Social Security Administration*, No. 23-CV-8-BHL (E.D. Wis. Jan. 4, 2023); *Hopkins v. United States of America*, No. 23-CV-354-BHL (E.D. Wis. Mar. 17, 2023); *Hopkins v. Sinclair*, No. 23-CV-482-BHL (E.D. Wis. Apr. 13, 2023).

Plaintiff filed his most recent (now closed) case directly in federal court. *See Hopkins v. Milwaukee County*, No. 23-CV-868-BHL (E.D. Wis. June 30, 2023). In that case, Plaintiff sued Milwaukee County for "stealing an injunction." *Id.*, ECF No. 1 at 2 (E.D. Wis. June 30, 2023). In a thorough order dismissing the case as frivolous, Judge Ludwig explained that Plaintiff "is a serial filer whose back catalog of complaints is marked by frivolousness." *Hopkins v. Milwaukee County*, No. 23-CV-0868-BHL, 2023 WL 4365299, at *2 (E.D. Wis. July 6, 2023*)* (citing Plaintiff's nine previous closed federal cases). Judge Ludwig reasoned that, previously, the court "had no opportunity to impose filing restrictions" because the nine closed cases were removed from state court and the defendants "were statutorily entitled to litigate in the federal courts." *Id.* (citing 28 U.S.C. § 1442(a)(1)).

---

A3CD14BA3D8C364E1730DBF23FCBE&recordCount=2&offset=0 (last visited Nov. 8, 2023).

However, because Plaintiff initiated that most recent suit before Judge Ludwig in federal court, Judge Ludwig issued Plaintiff a warning: "[i]f [Plaintiff] files another frivolous lawsuit that ends up before this Court, he will face monetary sanctions consistent with *Mack* and *Stone*." *Id.* at *3 (referring to *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) and *Stone v. Roseboom*, 803 F. App'x 947 (7th Cir. 2020)). Judge Ludwig also noted that "[t]he Court . . . reserves its right to restrict [Plaintiff's] ability to file future matters in this Court without advance permission, except, of course, in those instances where he may be defending a civil or criminal suit or filing to contest imprisonment or confinement." *Id.*

**4. ANALYSIS**

**4.1 Plaintiff's Claims That Are Frivolous**

At the outset, like Plaintiff's last lawsuit before Judge Ludwig, the instant case raises, for the most part, allegations that are "so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Att'y Gen.*, No. 13-CV-476-WMC, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). These allegations are therefore "factually frivolous." *Id.* (citing *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007)).

The instant case primarily "repeat[s] allegations that have been rejected as frivolous by another federal district court." *Id.* Those allegations "are considered malicious and are grounds for dismissal." *Id.* (citing *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003)). For example, Plaintiff alleges that Kenosha County "stole [his] injunction," which claim Judge Ludwig dismissed with prejudice as frivolous in *Hopkins*, 2023 WL 4365299, at *1. Plaintiff also claims treason, which claim three judges in four separate cases have dismissed and/or recommended be dismissed. *See Hopkins v.*

*United States Postal Service*, No. 22-CV-363-SCD, ECF No. 9 at 1 (E.D. Wis. Aug. 2, 2022); *Hopkins v. United States of America*, No. 22-CV-972-BHL, ECF No. 20 (Dec. 15, 2022) (adopting Magistrate Judge Joseph's recommendation for dismissal); *Hopkins v. Social Security Administration*, No. 23-CV-8-BHL, ECF No. 3 (E.D. Wis. Jan. 6, 2023); *Hopkins v. United States of America*, No. 23-CV-354-BHL, ECF No. 4 at 1 (E.D. Wis. Mar. 21, 2023).

Plaintiff's novel claims "curtly accus[ing] the government of malfeasance" in this case "fare[] no better" than similar claims have previously. *Hopkins v. United States of America*, No. 23-CV-354-BHL, ECF No. 4 at 1–2 (E.D. Wis. Mar. 21, 2023). Claims of attempted murder, like treason, are "criminal [claims], which [do] not give rise to a private right of action." *Wemple v. Ill. State Bar Ass'n Members*, No. 13-CV-3015, 2013 WL 319509, at *1 (C.D. Ill. Jan. 28, 2013) (finding that complaint raising six claims of treason "is based upon an indisputably meritless legal theory, lacks any factual basis, and is frivolous") (quoting *Neitzke*, 490 U.S. at 327). Like an injunction, "postconviction [and] postdisposition relief" is not a tangible item that may be "stolen." *See Hopkins*, 2023 WL 4365299, at *1 ("[An injunction] is an abstract concept . . . . A county cannot 'steal' it anymore than it can steal the First Amendment 'right of the people peaceably to assemble.'") (quoting U.S. Const. amend. I). Finally, Plaintiff's claims that the "Fed[s]" violated his rights by "try[ing] to intrude [on] his case," "saying []right this way Lloyd," stealing $402.00 (ostensibly the filing fee for the instant case), and "running plates" do not, no matter how liberally construed, state a claim for a violation of federal (or any) law.

In choosing to dismiss Plaintiff's prior generalized claims of malfeasance against government officials with prejudice and without leave to amend, Judge Ludwig explained that leave to amend is only necessary

where "'frivolous factual allegations could be remedied through more specific pleading' or where the absence of sufficient facts in the complaint is due to the unskilled nature of the pro se plaintiff." *Hopkins*, 2023 WL 4365299, at *1 (quoting *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994)). No amount of additional pleading can remedy Plaintiff's claims for treason, attempted murder, a stolen injunction, stolen postconviction and postdisposition relief, intrusion on his case, saying "right this way Lloyd," theft of $402.00, and "running plates." Therefore, these claims will be dismissed with prejudice.

### 4.2 Plaintiff's Claims Subject to Dismissal Without Prejudice

Given Plaintiff's litigious history, the Court doubts that any of his allegations state a viable claim for a violation of federal law.[5] However, the Court believes that Plaintiff's remaining, nonfrivolous claims relate to or are raised in his ongoing appeal in state court and are therefore subject to dismissal without prejudice under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

The *Younger* doctrine "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing *FreeEats.com, Inc. v. Ind.*, 502 F.3d 590, 595 (7th Cir. 2007)). *Younger* abstention applies even where a state trial court judgment is on appeal. *See Mann v. Brown*, 18 F. App'x 399, 402–03 (7th Cir. 2001) ("After the state's trial judge rejected her contention, she should have sought review within the state system and then, if necessary, by the

---

[5]For example, Judge Griesbach dismissed claims similar to the remaining claims in the instant case regarding stolen earnest money, where Plaintiff's sole gripe was "[y]ou guys lied to me." *Hopkins v. Social Security Administration*, No. 21-CV-884-WCG, ECF No. 3 (E.D. Wis. Aug. 2, 2021).

Supreme Court of the United States."). "There are three exceptions to the rule requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007)). Where *Younger* applies, the district court may dismiss the case (in lieu of a stay) if the plaintiff does not seek monetary relief. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Plaintiff's ongoing state court appeal is against the same two defendants he names in the instant suit. Where "it appears from the complaint that [the plaintiff] has raised most of his claims to the state . . . court," those claims are subject to federal abstention doctrines, such as *Younger*. *York v. CMG Rentals LLC*, No. 120CV00754JPHDLP, 2020 WL 1333228, at *1 (S.D. Ind. Mar. 19, 2020) (as to claim of stolen personal property). The state court is also able to adequately afford or assess, to the extent Plaintiff raises any kind of procedural due process claim relating to the above listed grievances, Plaintiff's "opportunity to appear in court and challenge [the adverse order(s)]." *Gierczak v. Cream City Wrecking & Dismantling, LLC*, No. 12-CV-00254, 2012 WL 5183583, at *2 (E.D. Wis. Oct. 18, 2012) (finding claims of destroyed house and stolen personal property "implausible" based on facts pleaded, but noting that any procedural due process claim lacks merit because the plaintiff challenged the order in court); *see also Edwards v. Atterberry*, No. 419CV04109SLDJEH, 2020 WL 3055890, at *3 (C.D. Ill. Feb. 13, 2020) (*Younger* abstention requires that the state courts "offer an adequate opportunity for review of constitutional

claims") (citing *FreeEats*, 502 F.3d at 595). None of the *Younger* abstention exceptions apply, and Plaintiff does not seek monetary relief.

Therefore, Plaintiff's claims that the $195.00 filing fee for his appeal has not been acknowledged, that he has been denied the right to be heard in court, that Dane County has acted prejudicially by "st[ealing] Milwaukee claim due diligence report," that the "DOJ" has not returned his paperwork, and that his "medical," house, and car were stolen, are all subject to dismissal without prejudice under *Younger*. Because *Younger* clearly applies, any amendment at this juncture would be futile. *Edwards*, 2020 WL 3055890, at *6 (denying leave to amend where it "would be futile due to *Younger* abstention" and citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) and *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)).

Should Plaintiff choose to refile these claims once his state proceedings have concluded, the Western District of Wisconsin will more than likely be the only proper venue. The Court has dismissed many of the claims alleged to have occurred in this District as frivolous. The remaining claims deal with or are raised in Plaintiff's ongoing state court appeal, which was litigated at the trial court level in Dane County. Therefore, it cannot be said that "a substantial part of the events or omissions giving rise" to the remaining, nonfrivolous claims occurred in this District. 28 U.S.C. § 1391(b)(2).

### 4.3 Monetary Sanctions and Filing Bar

To the extent Judge Ludwig's warnings as to monetary sanctions and a filing bar could be read to apply only to Plaintiff's newly-filed cases if assigned to Judge Ludwig, the Court will make it wholly clear that Judge Ludwig's warnings apply before this Court, and the entire District, as well.

Although the Court concluded that certain of Plaintiff's claims are not frivolous, Plaintiff has persisted in what has become his *modus operandi*: wasting valuable judicial resources with claims of treason and the like, which approximately half of this District's judges have rejected as frivolous. It appears that Judge Ludwig's warnings have fallen on willfully deaf ears.

The Court does not believe that this issue has reached the point where Plaintiff should receive a monetary sanction, but Plaintiff should consider this Order his second warning that his continued filing of meritless claims will result in fines. *See Stone*, 803 F. App'x at 948 (affirming $500 fine where "three warnings failed to deter [the plaintiff] from ignoring the court's order to desist from frivolous filings").

However, the Court well agrees that a filing bar is in order. As Judge Ludwig explained during Plaintiff's last trip in federal court, the Court has "ample authority" and discretion to fashion a sanction that fits the filer. *Hopkins*, 2023 WL 4365299, at *2 (citing *Mack*, 45 F.3d at 186). Because "the sanction should be tailored to the abuse committed," *id.* (citing *In re Anderson*, 511 U.S. 364 (1994)), the Court does not believe that a wholesale filing bar is in order given that the Court has dismissed certain of Plaintiff's claims without prejudice. For example, a sanction instructing the Clerk of Court to return unfiled any papers that Plaintiff attempts to file, as entered in *Mack*, 45 F.3d at 186, would not fit here. That conclusion is bolstered by the fact that Plaintiff has no outstanding monetary sanctions against him. *Cf. Matter of Am. Ass'n for Lab'y Accreditation Inc.*, No. 23-MC-47-JPS, 2023 WL 5408704, at *3 (E.D. Wis. Aug. 22, 2023) (entering wholesale filing bar under *Mack* until monetary sanctions imposed in prior case were paid).

But a sanction as affirmed in *In re Chapman*, 328 F.3d 903 (7th Cir. 2003) fits the bill here. There, the Seventh Circuit affirmed an order

"denying a prolific filer 'leave to file [without preapproval] "new civil cases" that "are legally frivolous or are merely duplicative of matters already litigated."'" *Hopkins*, 2023 WL 4365299, at *2 (quoting *In re Chapman*, 328 F.3d at 905). The Court is not convinced that Plaintiff will be able to restrain himself to only filing lawsuits related to novel (i.e., not formerly litigated) or nonfrivolous claims. Therefore, the Court will order that any new civil cases filed by Plaintiff in the Eastern District of Wisconsin in the next five (5) years, except for any application for habeas corpus that he may wish to file, be reviewed for whether the claim has previously been adjudicated by a federal court and/or is frivolous prior to its docketing. Any new civil case that raises claims that have been previously adjudicated by a federal court and/or are frivolous shall be returned unfiled to Plaintiff. Enough is enough.

5.  **CONCLUSION**

For the reasons stated above, the Court will dismiss with prejudice Plaintiff's claims for treason, attempted murder, a stolen injunction, stolen postconviction and postdisposition relief, intrusion on his case, saying "right this way Lloyd," theft of $402.00, and "running plates." The Court will dismiss without prejudice Plaintiff's claims that the $195.00 filing fee for his appeal has not been acknowledged, that he has been denied the right to be heard in court, that Dane County has acted prejudicially by "st[ealing] Milwaukee claim due diligence report," that the "DOJ" has not returned his paperwork, and that his "medical," house, and car were stolen. As a result, this action will be dismissed. The Court will also order that the Clerk of Court ensure that any new civil cases filed by Plaintiff in the Eastern District of Wisconsin in the next five (5) years, except for any application for habeas corpus that he may wish to file, be reviewed for whether the claim has

previously been adjudicated by a federal court and/or is frivolous prior to its docketing. Any new civil case that raises claims that have been previously adjudicated by a federal court and/or are frivolous shall be returned unfiled to Plaintiff.

Accordingly,

**IT IS ORDERED** that Plaintiff Lloyd Hopkins's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Lloyd Hopkins's claims for treason, attempted murder, a stolen injunction, stolen postconviction and postdisposition relief, intrusion on his case, saying "right this way Lloyd," theft of $402.00, and "running plates," ECF No. 1, be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Lloyd Hopkins's claims that the $195.00 filing fee for his appeal has not been acknowledged, that he has been denied the right to be heard in court, that Dane County has acted prejudicially by "st[ealing] Milwaukee claim due diligence report," that the "DOJ" has not returned his paperwork, and that his "medical," house, and car were stolen, ECF No. 1, be and the same are hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the Clerk of Court **ENSURE** that any new civil cases filed by Plaintiff Lloyd Hopkins in the next five (5) years in the Eastern District of Wisconsin, except for any application for habeas corpus that he may wish to file, be **REVIEWED** for whether the claim has previously been adjudicated by a federal court and/or is frivolous prior to its docketing; any new civil case that raises claims that have been previously

Page 13 of 14
Case 2:23-cv-01452-JPS   Filed 11/08/23   Page 13 of 14   Document 5

adjudicated by a federal court and/or are frivolous shall be returned unfiled to Plaintiff Lloyd Hopkins; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

<div style="color:red">

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

</div>